MYERS *v.* BUSHMIAER.

4-6131                                    145 S. W. 2d 722

Opinion delivered December 16, 1940.

*C. E. Izard* and *R. S. Wilson,* for appellant.

*Partain & Agee,* for appellee.

HUMPHREYS, J.   This is an appeal from a judgment of the circuit court of Crawford county rendered on the 20th day of May, 1940, dissolving a writ of garnishment issued out of said court and duly served on the Alma Canning Company, impounding $159.82 representing the proceeds of spinach which appellee, W. A. Bushmiaer, Jr., had sold to it, explaining at the time that the spinach was covered by a mortgage executed by appellee to the Northwest Arkansas Production Credit Association on December 15, 1938, and filed in the circuit clerk's office on March 15, 1939, five days prior to the date of the writ of garnishment was served on the Alma Canning Company.

The writ of garnishment was issued upon a judgment which appellant obtained in a magistrate's court against appellee for $154.42, a transcript of which had been filed in the office of the circuit clerk after an execution issued out of the magistrate's court had been returned *nulla bona.*

The Northwest Arkansas Production Credit Association filed an intervention claiming the proceeds of the sale of the spinach under and by virtue of its mortgage thereon of date December 15, 1938, and which was duly recorded on March 15, 1939, prior to the issuance and service of the writ of garnishment.

An answer was filed by appellant denying each and every material allegation therein.

The issues were submitted to a jury upon the pleadings, evidence adduced and instructions of the court resulting in a verdict and consequent judgment in favor of appellee as above stated.

Testimony was introduced by appellant tending to show that the mortgage was not *bona fide,* but given to protect appellee against his creditors; that it was executed and substituted for a mortgage of like amount without consideration in lieu of a mortgage which appellee had theretofore paid and discharged.

Appellee introduced testimony explaining why two mortgages were given instead of one and tending to show that the mortgage which was satisfied had not been theretofore paid, but that the second mortgage was given in good faith as a substitute for the first mortgage which had been satisfied of record.

Appellee testified relative to the $3,600 mortgage filed for record on March 15, 1939, as follows: "I did owe them at this time this amount of money covered by the mortgage, and told Mr. Petree that when I sold him. It was due them and it was my intention to pay it. It was their property and they had a lien on it. They never did waive their lien to me. I still owe the debt."

There is no testimony in the record showing that W. B. Wall was the general agent of the Northwest Arkansas Production Credit Association, further than to make loans for it and service the loans he made in Crawford county. He did not have authority to satisfy mortgages for it.

In the course of the trial appellant offered to introduce certain testimony which the court excluded over his objection and exception.

The offered testimony which was excluded is as follows: "The appellant offers to show by the witness, Myers, that sometime after December 22, 1939, the witness Myers went to Fayetteville and discussed with Mr. W. B. Wall, Secretary-Treasurer in charge of the office of the Northwest Arkansas Production Credit Association, in this county, the contents of the W. A. Bushmiaer loan, and that Mr. Wall examined the records in his office and stated to Mr. Myers that Mr. Bushmiaer owed the Production Credit Association nothing by reason of a note or mortgage executed on December 15, 1938, and he had received a check for the amount tied up by garnishment in Crawford county, and that Mr. Bushmiaer owed nothing to the association except the indebtedness of the note dated October 14, 1939, in the amount of $2,300 secured by a chattel mortgage filed October 16, 1939, in Crawford county, Arkansas."

Appellant also offers to prove that "on December 21st, 1939, I wrote the Northwest Arkansas Credit Association at Fayetteville and asked to be advised as to whether or not the chattel mortgage given by W. A. Bushmiaer of Crawford county to that association, dated December 15, 1938, and filed March 15, 1939, had been paid; I offer in evidence a carbon copy of a letter which I wrote and I offer in evidence the letter which I received, dated December 22, on the letterhead of the Northwest Arkansas Production Credit Association, signed by W. B. Wall, Secretary-Treasurer, in which he stated: 'Your letter of December 21st received, we believe the records of the Bushmiaer loan you mentioned will show as satisfied with the Recorder in Van Buren.' We offer these two instruments in evidence."

Appellant also offers in evidence the following letters:

"December 21, 1939

"Northwest Arkansas Production Association

"Fayetteville, Arkansas

"Gentlemen:

"Please advise me whether or not the chattel mortgage given by W. A. Bushmiaer, Jr., of Crawford county

to your association, dated December 15, 1938, and filed March 15th, 1939, has been paid.

"Thanking you for this information, I am

"Yours very truly,

"W/v."                                    "R. S. Wilson."

"Northwest Arkansas Production
Credit Association.
Serving
Benton, Boone, Crawford, Carroll, Franklin, Johnson, Logan, Madison, Marion, Newton, Sebastian, Searcy, and Washington Counties.
37 East Mountain St.
Phone 1028

"Fayetteville, Arkansas
December 22, 1939

"Mr. R. S. Wilson
"Attorney at Law,
"Van Buren, Arkansas

"Re—W. A. Bushmiaer, Jr., Mortgage.

"Dear Sir:

"Your letter of December 21st received. We believe the records of the Bushmiaer loan you mentioned will show as satisfied with the recorder at Van Buren.

"Yours very truly,

"W. B. Wall,

"WBW-p"                            "Secretary-Treasurer."

Appellant argued:

(1) That it was error on the part of the trial court to refuse to admit the evidence offered by him tending to show satisfaction of the mortgage relied upon to defeat the garnishment, and,

(2) That the trial court should have held that the intervener, Northwest Arkansas Production Credit Association (even if the mortgage in question had not been satisfied) had by its conduct and actions waived the lien of the mortgage so that the proceeds thereof were subject to garnishment in the hands of the purchaser before payment to the mortgagor or mortgagee.

First: It will be observed that the offered testimony which was excluded had relation to statements made by Mr. Wall to the appellant, Myers, long after all the transactions herein involved had been completed and long after the writ of garnishment had been procured and served. We think it hearsay evidence, and that it was properly excluded from the jury. As stated above, Wall was not a general agent for the purpose of satisfying mortgages which were executed to the Northwest Arkansas Production Credit Association, and also that the conversations and letters were not made during the course of the transactions, but nearly a year after the transactions and would not be binding upon said corporation. We do not think that the conversations and letters had and made nearly a year after the transactions nor the execution of a new mortgage by appellee to the Northwest Arkansas Production Credit Association in October, 1939, waived its mortgage lien upon the spinach under its mortgage of date December 15, 1938, and filed for record on March 15, 1939.

In other words, we do not think such evidence was admissible as tending to show that the mortgage for $3,600 had been paid nor that the Northwest Arkansas Production Credit Association had waived its lien under said mortgage. The evidence was, therefore, properly excluded by the court.

Second: As to whether the mortgage executed on December 15, 1938, for $3,600 had been paid was an issue under conflicting testimony which was submitted to the jury and was properly one for the jury to determine. The verdict of the jury is, therefore, binding upon appellant and the evidence was sufficient to sustain the verdict. It is not contended that this issue was submitted to the jury under erroneous instructions. In fact none of the instructions have been abstracted, and we must assume they were correct.

No error appearing, the judgment is affirmed.